UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

                                                                                    Chapter 7

Ilias Bourekas,                                   Case No. 8-18-78496-las

                      Debtor.
----------------------------------------------------------------X
Andrew M. Thaler, Chapter 7 Trustee of the
Bankruptcy Estate of Ilias Bourekas             Adv. Pro. No. 8-19-08055-LAS

                    Plaintiff,

           -against-

Anna Rizos, Kyriaki Bourekas, Vivian Bourekas,
Kalliopi Bourekas, and Maria Anna Bourekas

                    Defendants.
----------------------------------------------------------------X

## Third Amended Complaint

       Andrew M. Thaler, chapter 7 trustee ("Plaintiff" or the "Trustee") of the bankruptcy estate (the "Estate") of Ilias Bourekas (the "Debtor"), through his attorneys, Thaler Law Firm PLLC, alleges for his complaint (the "Complaint") against Anna Rizos ("Defendant Anna"), Kyriaki Bourekas ("Defendant Kyriaki" and together with Defendant Anna, the "Co-Owner Defendants"), Vivian Bourekas ("Defendant Vivian"), Kalliopi Bourekas ("Defendant Kalliopi"), Maria Anna Bourekas ("Defendant Maria" and together with Defendant Vivian and Defendant Kalliopi, the "Transferee Defendants") as follows:

### Nature of the Case

       1.     Plaintiff brings this adversary proceeding against the Co-Owner Defendants and Transferee Defendants seeking judgment (i) pursuant to 11 U.S.C. § 105(a), 544, 547, 548, and 550 and N.Y. Debt. & Cred. 273, 274, 275, 276, and 276-a avoiding and recovering a transfer of real property; (ii) pursuant to 11 U.S.C. § 550(a)(1), as initial transferee, mediate transferee, or the person for whose benefit the avoided transfer was made, for recovery of the property transferred or for the value of the avoided transfer, in an amount to be determined by the Court, plus interest at the rate of the applicable statutory interest rate per annum from the date of the transfer; (iii) pursuant to 11 U.S.C. § 551, preserving

the avoided transfer for the benefit of the Estate; (iv) for the amount of the Trustee's reasonable attorneys' fees in this adversary proceeding; and (v) for such other relief this Court decides is just and proper.

## **Jurisdiction, Venue, and Final Orders or Judgments**

2. This adversary proceeding relates to *In re Ilias Bourekas* currently pending in the United States Bankruptcy Court for the Eastern District of New York under Case Number 8-18-78496-las

3. The Court has jurisdiction to consider the Complaint under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.

4. Venue is proper pursuant to 28 U.S.C. § 1409.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to entry of final orders or judgments by this Court.

## **The Parties**

6. Plaintiff, as the duly appointed chapter 7 trustee of the Estate, is entitled to commence and prosecute this adversary proceeding on behalf of the Estate under FRBP 6009 and 11 U.S.C. § 323.

7. Defendant Rizos is an individual residing, upon information and belief, at 29 Peppermill Road, Roslyn, NY 11576.

8. Defendant Kyriaki is an individual residing, upon information and belief, at 24 Dolphin Way, Riverhead, NY 11901.

9. Defendant Vivian is an individual residing, upon information and belief, at 96 Aspen Street, Floral Park, NY 11001.

10. Defendant Kalliopi is an individual residing, upon information and belief, at 96 Aspen Street, Floral Park, NY 11001.

11. Defendant Maria is an individual residing, upon information and belief, at 96 Aspen Street, Floral Park, NY 11001.

## **Background**

12. On December 17, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code.

13. Prior to September 27, 2018, the Debtor, Defendant Rizos, and Defendant Kyriaki were joint owners of real property located at 37-18 23rd Avenue, Astoria, NY 11105 (the "Real Property").

14. Upon information and belief, the Real Property is a multi-apartment building.

15. On September 27, 2018 (the "Transfer Date"), the Debtor signed a deed (the "Deed") conveying his interest in the Real Property to Defendant Rizos and Defendant Kyriaki as tenants in common (the "Transfer"). A copy of the Deed together with associated transfer documents are attached to this Complaint as Exhibit "1."

16. The Deed was recorded with the Office of the City Register of the City of New York on October 2, 2018.

17. According to public records, the Debtor transferred the Property for $0.00.

18. Upon information and belief, Defendant Rizos is the Debtor's sister.

19. Upon information and belief, Defendant Kyriaki is the Debtor's sister.

20. Upon information and belief, Defendant Vivian is the Debtor's wife.

21. Upon information and belief, Defendant Kalliopi is the Debtor's daughter.

22. Upon information and belief, Defendant Maria is the Debtor's daughter.

23. Upon information and belief, the Real Property had a value of at least $1,300,000 in November 2017.

24. Upon information and belief, on the Transfer Date, the Real Property had liens recorded against it in the approximate amount of $309,334.24.

25. Upon information and belief, subsequent to the Transfer Date, the Co-Owner Defendants obtained a $625,000 loan secured by a mortgage against the Real Property.

26. Upon information and belief, on October 5, 2018, the Debtors transferred $255,315.00 to the Defendant Transferees from the proceeds of the above referenced mortgage, through the use of a wire transfer to a TD bank account ending in #2223.

27. Upon information and belief, on the commencement of this case, the Debtor had one or more of the same unsecured creditors it had at the time of the Transfer, including New York State Department of Taxation and Finance, Bank of America, and Santander Bank

**First Cause of Action against the Co-owner Defendants**
**Constructive Fraudulent Conveyance - 11 U.S.C. §§ 548(a)(1)(B), 550, and 551**

28. Plaintiff realleges each allegation contained in Paragraphs "1" through "27."

29. The Debtor received no consideration in return for the Transfer or received less than reasonably equivalent value in exchange for the Transfer.

30. Upon information and belief, the Debtor (i) was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer having been made; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital; or (iii) intended to incur or believed that the Debtor would incur debts that would be beyond the Debtor's ability to pay as they matured.

31. Accordingly, Plaintiff is entitled to judgment against the Co-Owner Defendants: (i) avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B); (ii) preserving the avoided transfer pursuant to 11 U.S.C. § 551; and (iii) providing for the recovery of the Real Property or the value of the Debtor's interest in the Real Property pursuant to 11 U.S.C. § 550.

**Second Cause of Action against the Co-Owner Defendants**
**Actual Fraudulent Conveyance - 11 U.S.C. §§ 548(a)(1)(A), 550, and 551**

32. Plaintiff realleges each allegation contained in Paragraphs "1" through "27."

33. Upon information and belief, the Debtor made the Transfer to the Co-Owner Defendants with actual intent to hinder, delay, or defraud the Debtor's creditors.

34. Accordingly, Plaintiff is entitled to judgment against the Co-Owner Defendants: (i) avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A); (ii) preserving the avoided transfer pursuant to 11 U.S.C. § 551; and (iii) providing for the recovery of the Real Property or the value of the Debtor's interest in the Real Property to the Estate pursuant to 11 U.S.C. § 550.

**Third Cause of Action against the Co-Owner Defendants - Constructive Fraudulent Conveyance - 11 U.S.C. §§ 544(b), 550(a), and 551, and N.Y. Debt. & Cred. Law § 273**

35. Plaintiff realleges each allegation contained in Paragraphs "1" through "27."

36. The Debtor did not receive fair consideration in exchange for the Transfer.

37. Upon information and belief, the Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer having been made.

38. Accordingly, Plaintiff is entitled to judgment against the Co-Owner Defendants: (i) avoiding the Transfer pursuant to 11 U.S.C. § 544(b) and N.Y. Debt. & Cred. Law § 273; (ii) preserving the avoided transfer pursuant to 11 U.S.C. § 551; and (iii) providing for the recovery of the Real Property or the value of the Debtor's interest in the Real Property to the Estate pursuant to 11 U.S.C. § 550.

### Fourth Cause of Action against the Co-Owner Defendants - Constructive Fraudulent Conveyance - 11 U.S.C. §§ 544(b), 550(a), and 551, and N.Y. Debt. & Cred. Law § 274

39. Plaintiff realleges each allegation contained in Paragraphs "1" through "27."

40. Upon information and belief, the Debtor was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital on the date that the Transfer was made.

41. Accordingly, Plaintiff is entitled to judgment against the Co-Owner Defendants (i) avoiding the Transfer pursuant to 11 U.S.C. § 544(b) and N.Y. Debt. & Cred. Law § 274; (ii) preserving the avoided transfer pursuant to 11 U.S.C. § 551; and (iii) providing for the recovery of the Real Property or the value of the Debtor's interest in the Real Property to the Estate pursuant to 11 U.S.C. § 550.

### Fifth Cause of Action against the Co-Owner Defendants - Constructive Fraudulent Conveyance - 11 U.S.C. §§ 544(b), 550(a), and 551, and N.Y. Debt. & Cred. Law § 275

42. Plaintiff realleges each allegation contained in Paragraphs "1" through "27."

43. Upon information and belief, the Debtor intended to incur or believed that the Debtor would incur debts that would be beyond the Debtor's ability to pay as they matured on the date that the Transfer was made.

44. Accordingly, Plaintiff is entitled to judgment against the Co-Owner Defendants (i) avoiding the Transfer pursuant to 11 U.S.C. § 544(b) and N.Y. Debt. & Cred. Law § 275; (ii) preserving the avoided transfer pursuant to 11 U.S.C. § 551; and (iii)

providing for the recovery of the Real Property or the value of the Debtor's interest in the Real Property to the Estate pursuant to 11 U.S.C. § 550.

### Sixth Cause of Action against the Co-Owner Defendants
### Actual Fraudulent Conveyance - 11 U.S.C. §§ 544(b), 550(a), and 551, and N.Y. Debt. & Cred. Law §§ 276 and 276-a

45. Plaintiff realleges each allegation contained in Paragraphs "1" through "27."

46. Upon information and belief, the Debtor made the Transfer to the Co-Owner Defendants with actual intent to hinder, delay, or defraud his present or future creditors.

47. Upon information and belief, the Co-Owner Defendants received the Transfer with actual intent to hinder, delay, or defraud the Debtor's present or future creditors.

48. Accordingly, Plaintiff is entitled to judgment against the Co-Owner Defendants (i) avoiding the First Transfer pursuant to 11 U.S.C. § 544(b) and N.Y. Debt. & Cred. Law § 276; (ii) preserving the avoided transfer pursuant to 11 U.S.C. § 551; (iii) providing for the recovery of the Real Property or the value of the Debtor's interest in the Real Property to the Estate pursuant to 11 U.S.C. § 550; and (iv) awarding attorneys' fees pursuant to N.Y. Debt. & Cred. Law § 276-a.

### Seventh Cause of Action against the Co-Owner Defendants
### Preference - 11 U.S.C. §§ 547, 550(a), and 551

49. Plaintiff realleges each allegation contained in Paragraphs "1" through "27."

50. The Debtor had previously testified that the Co-Owner Defendants allegedly loaned the Debtor approximately $250,000.00 pre-petition.

51. Upon information and belief, the Debtor conveyed the Real Property in repayment of the alleged debt owed to the Co-Owner Defendants.

52. Upon information and belief, the Co-Owner Defendants benefited from the Transfer.

53. Upon information and belief, the Debtor was insolvent at the time of the Transfer.

54. The Co-Owner Defendants are the Debtor's sisters and are thus insiders.

55. The Transfer occurred within one year of the Petition Date.

56. Upon information and belief, the Co-Owner Defendants received more money they would have in a Chapter 7 case had the Transfer not occurred.

57. Accordingly, Plaintiff is entitled to judgment against the Co-Owner Defendants (i) avoiding the Transfer pursuant to 11 U.S.C. § 547; (ii) preserving the avoided transfer pursuant to 11 U.S.C. § 551; and (iii) providing for the recovery of the Real Property or the value of the Debtor's interest in the Real Property to the Estate pursuant to 11 U.S.C. § 550.

### Eighth Cause of Action against the Transferee Defendants
### Mediate Transferee - 11 U.S.C. §§ 550(a), and 551

58. Plaintiff realleges each allegation contained in Paragraphs "1" through "57."

59. The $255,315.00 was transferred to the Transferee Defendants from the Co-Owners Defendants was paid entirely from the Debtor's pre-fraudulently-conveyed interest in the Real Property.

60. The $255,315.00 was transferred to the Transferee Defendants from the Co-Owners Defendants as to arguably benefit the Debtor, but the Debtor did not receive such benefit.

61. Accordingly, assuming the Plaintiff is successful on at least one of the causes of action against the Co-Owners Defendants, Plaintiff is entitled to judgment against the Transferee Defendants (i) providing for the recovery of the $255,315.00 as mediate transferees pursuant to 11 U.S.C. § 550.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment against the Co-Owner Defendants for the First through Seventh Causes of Action and against the Transferee Defendants for the Eighth Cause of Action:

(1) On the First Cause of Action, (1) avoiding the Transfer, (2) preserving the avoided transfer for the benefit of the Estate, and (3) for recovery of the Real Property or the value of the Debtor's interest in the Real Property plus interest at the rate of the applicable statutory interest rate per annum from the date of the Transfer.

(2) On the Second Cause of Action, (1) avoiding the Transfer, (2) preserving the avoided transfer for the benefit of the Estate, and (3) for recovery of the Real Property or the value of the Debtor's interest in the Real Property plus interest at the rate of the applicable statutory interest rate per annum from the date of the Transfer.

(3) On the Third Cause of Action, (1) avoiding the Transfer, (2) preserving the avoided transfer for the benefit of the Estate, and (3) for recovery of the Real Property or the value of the Debtor's interest in the Real Property plus interest at the rate of the applicable statutory interest rate per annum from the date of the Transfer.

(4) On the Fourth Cause of Action, (1) avoiding the Transfer, (2) preserving the avoided transfer for the benefit of the Estate, and (3) for recovery of the Real Property or the value of the Debtor's interest in the Real Property plus interest at the rate of the applicable statutory interest rate per annum from the date of the Transfer.

(5) On the Fifth Cause of Action, (1) avoiding the Transfer, (2) preserving the avoided transfer for the benefit of the Estate, and (3) for recovery of the Real Property or the value of the Debtor's interest in the Real Property plus interest at the rate of the applicable statutory interest rate per annum from the date of the Transfer.

(6) On the Sixth Cause of Action, (1) avoiding the Transfer,(2) preserving the avoided transfer for the benefit of the Estate, (3) for recovery of the Real Property or the value of the Debtor's interest in the Real Property plus interest at the rate of the applicable statutory interest rate per annum from the date of the Transfer, and (4) for recovery of Plaintiff's reasonable attorneys' fees in this adversary proceeding.

(7) On the Seventh Cause of Action, (1) avoiding the Transfer, (2) preserving the avoided transfer for the benefit of the Estate, and (3) for recovery of the Real Property or the value of the Debtor's interest in the Real Property plus interest at the rate of the applicable statutory interest rate per annum from the date of the Transfer.

(8) On the Eighth Cause of Action, (1) for recovery of $255,315.00 plus interest at the rate of the applicable statutory interest rate per annum from the date of the transfer of the $255,315.00.

Dated: Westbury, New York  
September 16, 2020

**THALER LAW FIRM PLLC**  
*Attorneys for Plaintiff-Trustee*

By: s/ Spiros Avramidis  
Spiros Avramidis  
675 Old Country Road  
Westbury, New York 11590  
Phone: (516) 279-6700  
Fax: (516) 279-6722  
spiros@athalerlaw.com